# United States Court of Appeals

### *for the*

# Fifth Circuit

Case No. 25-20486

EVAN DOMANIC,

*Plaintiff-Appellant,*

v.

CHRISTIAN BROTHERS AUTOMOTIVE CORPORATION,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

## BRIEF FOR PLAINTIFF-APPELLANT

ERIC L. GROGAN
GROGAN LAW, P.L.L.C.
*Attorneys for Plaintiff-Appellant*
7600 Chevy Chase Drive, Suite 300
Austin, Texas 78752
(512) 534-7970

CP COUNSEL PRESS     (800) 4-APPEAL • (814711)

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the Judges of this Court may evaluate possible disqualifications or recusal.

**Plaintiff-Appellant:**

Evan Domanic

**Defendant-Appellee:**

Christian Brothers Automotive Corporation

**Trial and Appellate Counsel:**

Eric L. Grogan
GROGAN LAW, PLLC
7600 Chevy Chase Dr.
Suite 300
Austin, TX 78752

Scott A. Agthe
PIERSON FERDINAND LLP
3801 N. Capital of Texas Highway
Ste. E240, #431
Austin, Texas 78746

**Additional Appellate Counsel for Appellee:**

Jeffrey L. Oldham
JACKSON WALKER LLP
100 Congress Street
Suite 1100
Austin, Texas 78701

*/s/ Eric L. Grogan*
Eric L. Grogan

i

## REQUEST FOR ORAL ARGUMENT

The Appellant-Appellant, EVAN DOMANIC, respectfully requests oral argument. This appeal addresses a loophole in enforceability of a federal statute meant to protect against unlawful discrimination. This appeal also addresses inconsistency in the application of federal law within and outside of the Fifth Circuit. Oral discussion of the facts and applicable precedent would benefit the Court.

**TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTERESTED PERSONS ........................................................i

REQUEST FOR ORAL ARGUMENT ........................................................ ii

TABLE OF AUTHORITIES ........................................................iv

I.    STATEMENT OF JURISDICTION ........................................................1

II.   STATEMENT OF THE ISSUE ........................................................2

III.  STATEMENT OF THE CASE ........................................................3

IV.   STATEMENT OF THE FACTS ........................................................4

V.    SUMMARY OF THE ARGUMENT ........................................................5

VI.   ARGUMENT ........................................................6

    1.    Standards of Review ........................................................6

        a.    Summary Judgment ........................................................6

        b.    42 U.S.C. §1981 Pleading Standard ........................................................6

    2.    Appellant's Analysis of 42 U.S.C. §1981 ........................................................9

    3.    Other Courts Agree that Appellant's Jewish ethnicity and Jewish faith are not mutually exclusive under 42 U.S.C. §1981 ........................................................10

    4.    Appellee's Reliance on a Ministerial Exception Lacks Substance and Support ........................................................15

    5.    The District Court's Finding Leads to Absurd Results ........................................................17

VII.  CONCLUSION ........................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Bilbe v. Belsom,*
   530 F.3d 314 (5th Cir. 2008) ...................................................................6

*Body by Cook, Inc. v. State Farm Mut. Auto Ins.,*
   869 F.3d 381 (5th Cir. 2017) .................................................................8

*Boggs v. Home Depot,*
   21-CV-06750 (PMH), 2023 WL 1779690 (S.D.N.Y. Feb. 6, 2023).................11

*Bollard v. California Province of the Soc'y of Jesus,*
   196 F.3d 940 (9th Cir. 1999) ...........................................................15, 16

*Braidwood Mgmt. v. EEOC,*
   70 F.4th 914 (5th Cir. 2024) ...........................................................15, 16

*Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dept.
   Stores, Inc.,*
   15 F.3d 1275 (5th Cir. 1994) ...............................................................17

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986).............................................................................6

*Comcast Corp. v. Nat'l Ass'n of Aft. Am.-Owned Media,*
   140 S. Ct. 1009, 206 L.Ed. 25 (2020).....................................................9

*Dunn-McCampbell Royalty Interest, Inc. v. National Park Service,*
   630 F.3d 431 (5th Cir. 2011) ...............................................................17

*Hager v. Brinker Tex., Inc.,*
   102 F.4th 692 (5th Cir. 2024) ........................................................... 8-9

*Kirschner v. First Data Corp.,*
   2000 WL 1772759, No. Civ.A. 3:98-CV-0222-L
   (N.D. Tex. Nov. 30, 2000)..............................................................12, 13

*Kosher Ski Tours Inc. v. Okemo Limited Liability Company,*
   No. 20-CV-09815, 2021 WL 5326527 (S.D.N.Y. Nov. 16, 2021) .....................11

*Lincoln v. Mendler,*
   No. 2:18-CV-04542, 2018 WL 4205421 (E.D. La. Sept. 4, 2018) ..............10, 14

iv

*Lubavitch-Chabad of Ill., Inc. v. Northwestern Univ.*,
   772 F.3d 443 (7th Cir. 2014) .......................................................14, 15, 18

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)...........................................8

*Our Lady of Guadalupe Sch. v. Morrissey-Berru*,
   591 U.S. 732 (2020).......................................................15, 16

*Perry vs. VHS San Antonio Partners, L.L.C.*,
   990 F.3d 918 (5th Cir. 2001) .......................................................8

*Runyon v. McCrary.*,
   427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976)............................... 9, 13-14

*Saint Francis College v. Al-Khazraji*,
   481 U.S. 604 (1987).......................................................*passim*

*Share Tefila Congregation v. Cobb*,
   481 U.S. 615 (1987).......................................................7, 8, 13, 18

*Shore v. Mirabillo*,
   3:16-CV-2078 (VLB), 2019 WL 13293059 (D. Conn. Mar. 8, 2019)...............12

*Sibley v. Touro LCMC Health*,
   No. 24-30189, 2024 WL 5118489 (5th Cir. Dec. 16, 2024) .................... 9-10, 14

*Singer v. Denver Sch. Dist. No. 1*,
   959 F.Supp. 1325 (D. Colo. 1997).......................................................11, 12

*Strong v. Univ. Healthcare Sys., L.L.C.*,
   482 F.3d 802 (5th Cir. 2007) .......................................................6

*United States v. Nelson*,
   277 F.3d 164 (2d Cir. 2002) .......................................................12, 15

**Statutes and Other Authorities:**

42 U.S.C. §1981.......................................................*passim*

42 U.S.C. §1981(a) .......................................................9

Fed. R. App. P. 4(b) .......................................................1

## I.    STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked under Section 1981, Title 42, United States Code, as an appeal from a final motion of summary judgment awarded to Appellee-Appellee in the United States District Court for the Southern District of Texas, Houston Division. Notice of Appeal was timely filed in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure.

## II. STATEMENT OF THE ISSUE

Plaintiff-Appellant appeals summary judgment, as awarded to Defendant-Appellee, based on the United States District Court Southern District of Texas, Houston Division's finding that there is a discernable and recognizable difference between a religious and ethnic Jew, at least under Section 1981, Title 42, Unites States Code. Plaintiff-Appellant argues and maintains that this finding permits Defendant-Appellee, and other businesses similarly situated, to discriminate against ethnic Jews based on race while asserting the discrimination against Jews is based solely on religious grounds. This finding, as herein described, permits and licenses the exact discrimination that the Congress in 1870 that passed Section 1981 into law was intending to prohibit.

### III.    STATEMENT OF THE CASE

Appellant initially filed suit on February 7, 2022, which Appellee moved to dismiss on March 7, 2022. The United States District Court for the Southern District of Texas, Houston Division, denied Appellee's motion to dismiss, finding that Appellant had plausibly stated a claim under 42 USC §1981. Following a discovery period, Appellee moved for summary judgment. Appellant responded to Appellee's motion for summary judgment. Appellee replied to Appellant's response. On September 26, 2025, the United States District Court for the Southern District of Texas, Houston Division, granted Appellee's Motion for Summary Judgment. Appellant appeals the judgment of the Southern District of Texas based on the district court's interpretation of 42 USC §1981.

## IV. STATEMENT OF THE FACTS

Defendant-Appellee claims to be a Christian faith-based franchisor of auto repair stores. *See* (ROA.395-542). Appellee claims that it requires all franchisees to be Christian to carry out its faith-based mission. *See id*. Defendant-Appellee claims that posting this mission on its website and including this information in its branding, motto, mission statement, and name is sufficient to circumvent the requirements of 42 U.S.C. §1981 when negotiating franchisor-franchisee contracts during the course of its business. *See id*. Plaintiff-Appellent, a religious Jew, but not a particularly religiously-observant Jew, sought to procure a franchise from Defendant-Appellee. *See id*. Appellant and Appellee engaged in at least four phone calls discussing Appellant's qualifications and plans to open a franchise in Dripping Springs, Texas. *See* ROA.882. On the fourth call, Defendant-Appellee's agent notified Plaintiff-Appellant that Defendant-Appellee would not be moving forward with Plaintiff-Appellant's application because Plaintiff-Appellant is Jewish. *See* (ROA.395-542). Plaintiff-Appellant subsequently sued Defendant-Appellee for violation of his civil rights under 42 U.S.C. §1981.

## V. SUMMARY OF THE ARGUMENT

Appellant argues that there is no meaningful distinction between his Jewish faith and Jewish ethnicity under 42 U.S.C. §1981. Appellant argues that there is: (1) case-law support for his position that discrimination against Jews, whether it be based on race or religion, is not mutually exclusive under 42 U.S.C. §1981; and (2) that in finding a distinction between Appellant's Jewish ethnicity and Jewish faith, the purpose and protections afforded by the Congress that passed 42 U.S.C. §1981 are immeasurably diminished, defeating the very purpose of the law. Finally, Appellant argues that Appellee's reliance on a ministerial exception in the district court is inapplicable.

## VI. ARGUMENT

### 1. Standards of Review

#### a. Summary Judgment

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once established, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

This Court reviews a district court's summary judgment de novo. *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 805 (5th Cir. 2007). Summary judgment is affirmed only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *Bilbe v. Belsom*, 530 F.3d 314, 315 (5th Cir. 2008) (internal quotations omitted).

#### b. 42 U.S.C. §1981 Pleading Standard

42 U.S.C. §1981 states in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. §1981.

In *St. Francis College v. Al-Khazraji*, the Supreme Court stated that:

> [b]ased on the history of §1981, we have little trouble in concluding that Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. Such discrimination is racial discrimination that Congress intended 1981 to forbid, whether or not it would be classified as racial in terms of modern scientific theory . . . §1981, at a minimum, reaches discrimination against an individual "because he or she is genetically part of an ethnically and physiognomically distinctive sub-grouping of *homo sapiens*." It is clear from our holding, however, that a distinctive physiognomy is not essential to qualify for § 1981 protection.

481 U.S. 604, 613 (1987).

In *Shaare Tefila Congregation v. Cobb* the Court held that "Jews are not foreclosed from stating a cause of action against other members of what today is considered to be part of the Caucasian race." 481 U.S. 615, 618 (1987) (discussing *St. Francis College*, 481 U.S. at 613). It is only necessary to consider the groups that Congress was trying to protect at the time 42 U.S.C. §1981 was passed, in 1870, when Jews were considered a separate, *non-white* race. *See St. Francis College*, 481 U.S. at 612-13); *Shaare Tefila*, 481 U.S. at 618. As the Supreme

Court has stated, "Jews and Arabs were among the peoples then considered to be distinct races and hence within protection of the statute." *Shaare Tefila,* 481 U.S. at 618 (discussing *St. Francis College*, 481 U.S. at 612-613).

The district court found that Appellant stated a viable, prima facie claim under 42 U.S.C. §1981. ROA.891. To state a claim for relief under 42 U.S.C. §1981, the Appellant must allege facts satisfying the following three-prong test:

(1) Appellant is a member of a protected racial minority;

(2) Appellee had an intent to discriminate on the basis of race; and

(3) The discrimination relates to the making and enforcement of a contract.

*See Perry vs. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 931 (5th Cir. 2001); *Body by Cook, Inc. v. State Farm Mut. Auto Ins.*, 869 F.3d 381, 386 (5th Cir. 2017), cert. denied, 138 S. Ct. 1009, 200 L. Ed. 2d 255, 2018 WL 942520 (2018). The district court correctly found that Appellant satisfied each of these three elements in making a prima facie claim. ROA.889.

As Appellant has no direct evidence of Appellee's discriminatory intent, in so holding, the district court then shifted its analysis of Appellant's claim under the *McDonnell Douglas* burden-shifting framework to consider whether Appellee had a "non-discriminatory reason for its conduct." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); ROA.890 (quoting *Hager v.*

8

*Brinker Tex., Inc.*, 102 F.4ᵗʰ 692, 701 (5th Cir. 2024)). Appellant argues that this is where the district court misapplied the law.

### 2. Appellant's Analysis of 42 U.S.C. §1981

Appellant argues that he was unlawfully denied the opportunity to purchase a franchise from Appellee based on his race, as an ethnic Jew, because there is no meaningful distinction between an ethnic or religious Jew under 42 U.S.C. §1981. Appellee correctly cites *Comcast Corp. v. Nat'l Ass'n of Aft. Am.-Owned Media* for the narrow statement that "[c]ongress passed the Civil Rights Act of 1866 in the aftermath of the Civil War to vindicate the rights of former slaves." 140 S. Ct. 1009, 206 L.Ed. 25, 356 (2020); ROA.395-542. This is true, but incomplete. Appellee further cites 42 U.S.C. §1981 for support by quoting that the statute states "all persons . . . have the same right . . . to make and enforce contracts . . . as is enjoyed by *white* citizens . . . ." 42 U.S.C. §1981(a); ROA.395-542 (emphasis in original). Appellee's analysis misses the point. Whatever the prevailing wisdom is at the time of this filing, as discussed above and reiterated here, *Jews, ethnic and/or religious, were not considered "white people" in 1870.*

The district court adopted Appellee's argument, at least as its argument is supported in *Runyon v. McCrary*. 427 U.S. 160, 168, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *See* ROA.886. The district court further cited other precedent from the Fifth Circuit to support same. See ROA.891 (citing *Sibley v. Touro LCMC Health*,

9

No. 24-30189, 2024 WL 5118489 (5th Cir. Dec. 16, 2024) (per curium); *Lincoln v. Mendler*, No. 2:18-CV-04542, 2018 WL 4205421 (E.D. La. Sept. 4, 2018)). All three cases that the district court relied on in awarding summary judgment support Appellee's argument that 42 U.S.C. §1981 applies only to racial or ethnic discrimination and not to religious discrimination. *See id*. However, none of these cases apply 42 U.S.C. §1981 to Jews. *See id*.

Appellant concedes that each of these cases foreclose Appellant's claim if there is a meaningful distinction recognized between being a religious Jew and ethnic Jew. The result of finding such a distinction would foreclose many Jews from seeking redress under 42 U.S.C. §1981 as numerous parties similarly-situated to Appellee could discriminate against ethnic Jews based on their Jewish faith and cloak the discrimination as religious discrimination that the district court found acceptable under 42 U.S.C. §1981. As discussed infra, other courts have found no distinction.

### 3. Other Courts Agree that Appellant's Jewish ethnicity and Jewish faith are not mutually exclusive under 42 U.S.C. §1981.

Support for Appellant's argument that his Jewish ethnicity and Jewish faith are not mutually exclusive under 42 U.S.C. §1981 is scant but it does exist. This is not a case of first impression. Other courts have tacitly concluded that there is no meaningful distinction between an ethnic and religious Jew under 42 U.S.C. §1981.

For example, in *Kosher Ski Tours Inc. v. Okemo Limited Liability Company*, the Southern District of New York found that a Jewish corporation had standing to sue to enforce its rights under 42 U.S.C. §1981 based on its "imputed racial identity." No. 20-CV-09815, 2021 WL 5326527, at *7 (S.D.N.Y. Nov. 16, 2021). The *Kosher* court made no meaningful distinction between the members of the Jewish corporation's race or ethnicity in finding that the corporation, composed of Jewish members, had standing. *See id*. Following the *Kosher* lead and citing the case for support, the court in *Boggs v. Home Depot*, also in the Southern District of New York, found that even though the plaintiffs in *Boggs v. Home Depot* were "Hasidic Jewish residents '[of] Caucasian descent' . . . [d]iscrimination on religious and racial grounds is not mutually exclusive." 21-CV-06750 (PMH), 2023 WL 1779690 at *4 (S.D.N.Y. Feb. 6, 2023). Here, the trial court found that even though the Appellants were *not* ethnically Jewish, their Jewish religion was sufficient for standing to bring a claim under 42 U.S.C. §1981. *See id*.

Likewise, in Colorado, a district court found that a Hispanic man that had converted to Judaism had standing to sue for damages under 42 U.S.C. §1981. *Singer v. Denver Sch. Dist. No. 1*, 959 F.Supp. 1325 (D. Colo. 1997). Specifically, the court held that "[s]ince Singer is claiming he was discriminated as a Jew, a distinct racial group for the purposes of 42 U.S.C. §1981, Appellees are not entitled to judgment on the basis that he is claiming religious discrimination." *See*

11

*id* at 1330. Clearly, the district court in Colorado did not make a meaningful distinction between a religious and an ethnic Jew when it denied Appellee's summary judgment motion as it pertained to the 42 U.S.C. §1981 claim in *Singer*. *See id*.

The Second Circuit views Section 1981 through a similar lens, at least in its willingness to extend the protections of 42 U.S.C. §1981 to Jews beyond ethnicity. In the *United States v. Nelson*, the Court held that "there is strong precedent to support the conclusion that the Thirteenth Amendment extends its protections to religions directly, and thus to members of the Jewish religion, without the detour through historically changing conceptions of 'race' that we have just taken." 277 F.3d 164, 179-181 (2d Cir. 2002) (discussing and analyzing the implications of *Shaare Tefila, St. Francis College,* and the Thirteenth Amendment to protect Jews based on their religion and distinct race). Citing *Nelson* for support, in *Shore v. Mirabillo*, the Court found that "[c]ourts in this circuit recognize that anti-Semitic harassment and discrimination are tantamount to racial discrimination." No. 3:16-CV-2078 (VLB) 2019 WL 13293059, at *7 (D. Conn. Mar. 8, 2019).

At least one Texas district court disagrees with the Southern District of Texas, albeit in dicta. In a footnote in *Kirschner v. First Data Corp.*, the Court stated that "[r]eligious discrimination against a Catholic does not implicate §1981; religious discrimination against a Jew does." 2000 WL 1772759, No. Civ.A. 3:98-

CV-0222-L, fn. 4 (N.D. Tex. Nov. 30, 2000) (memorandum opinion). Unlike the district court in the Southern District of Texas, in its analysis in footnote 8, the *Kirschner* Court engaged in a historical analysis of what the kind of conduct that the legislature was seeking to rectify at the time the law was passed. *See id*. Specifically, the *Kirschner* Court stated:

> Defendant asserts that religious discrimination is not subject to 42 U.S.C. §1981, citing *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987). That is a strained reading of the case, which held that Plaintiff could assert a cause of action under §1981 if based on discrimination against him as "an Arab, rather than solely on the place or nation of his origin, or his religion." *Id*. It is also contradicted by another cased decided the same day. *See Share Tefila Congregation v. Cobb*, 481 U.S. 615 617-18 (1987) ("As *St. Francis* makes clear, the question before us is not whether Jews are considered to be a separate race by today's standards, but whether, at the time §1982 was adopted, Jews constituted a group of people that Congress intended to protect. It is evident from the legislative history of the section reviewed in *St. Francis College*, a review that we do not need to repeat here, that Jews and Arabs were among the peoples then considered to be distinct races and hence within protection of the statute. Jews are not foreclosed from stating a cause of action against other members of what today is considered to be a part of the Caucasian race."). Defendant's contention is clearly erroneous[.] Religious discrimination against a Catholic does not implicate §1981; religious discrimination against a Jew does.

*Id*.

As best Appellant can tell, the application of 42 U.S.C. §1981 differs depending upon the ethnicity of the individual making the claim, whether that be in the Fifth Circuit or elsewhere. As discussed supra, the plaintiffs in the cases that the district court cited were not Jews. *See* ROA.891 (citing *Runyon*, 427 U.S. at

13

160; *Sibley* 2024 WL 5118489; and *Mendler*, 2018 WL 4205421). Yet, as discussed supra, other circuits, and the Northern District of Texas in particular, do not make a meaningful distinction between the Plaintiff's ethnicity and race if the plaintiff is Jewish. Two different courts in Texas: (1) the *Kirschner* Court in the Northern District of Texas and (2) the district court in the Southern District of Texas, come to opposite conclusions when reviewing the same law. *See id*; ROA.891. The difference, as best Appellant can surmise, is how "strained" or narrowly a court reads the *Saint Francis College* opinion. Each of the cases Appellant cites in support of his position protect Jews under 42 U.S.C. §1981 regardless of whether they are religious or ethnic Jews, while the cases that the district court relies on do not. The only case Appellee offered in support of its position that contemplated a Jewish plaintiff was *Lubavitch-Chabad of Ill., Inc. v. Northwestern Univ*. 772 F.3d 443, 446 (7th Cir. 2014).

In *Lubavitch*, Judge Posner states that "[m]ost Jews are white," that "Judaism of course is the name of a religion rather than of an ethnic group" and that "in the United States, Jews who convert to another religion generally are no longer considered Jewish." *See id*. at 446 (internal citations omitted). Curiously, the Court in *Lubavitch* cites no case law, and does not bother to engage in any kind of historical analysis in support of these statements, rendering this analysis as conclusory at best. *See id*. Again, at no time does the Court in *Lubavitch* attempt to

14

undertake an analysis of 42 U.S.C. §1981 as it was passed in 1870; the Court instead assumes without support that "[m]ost Jews are white" as of 2014 (when the opinion was written) and therefore, this must also have been the case in 1870. *See id*. As discussed supra, the *Nelson* court went out of its way to engage in historical analysis and was therefore forced to arrive at the opposite conclusion. *See Nelson*, 277 F.3d 164 at 179.

### 4. Appellee's Reliance on a Ministerial Exception Lacks Substance and Support.

The district court did not address Appellee's argument that it is entitled to a ministerial exception. Appellant claims that it should be afforded a ministerial exception to bar Appellant's 42 U.S.C. §1981 claim. ROA.402. This is an astronomical reach. Appellee claims that "[t]he religious are entitled to substantial deference when claiming obstruction of their religious exercise." ROA.414 (quoting *Braidwood Mgmt. v. EEOC*, 70 F.4th 914, 937 n.51 (5th Cir. 2024)). Appellee further claims that "[a] religious entity's 'choice of representative' is similarly a decision to which the courts 'would simply defer without inquiry.'" ROA.414 (quoting *Bollard v. California Province of the Soc'y of Jesus*, 196 F.3d 940, 947 (9th Cir. 1999)). Appellee also states that the ministerial exception "applies to lay persons in faith-based organizations who perform 'vital religious duties' at the core of the religious entity's mission." *See id.* (quoting *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. 732, 747 (2020)).

Appellee fails to explain why and how it is entitled to a ministerial exception to Appellant's 42 U.S.C. §1981 claim. Appellee does not explain what "vital religious duties" it carries out in the course of its business with the public. ***Appellee is an auto-repair chain***. To the best of Appellant's knowledge, Appellee does not hold religious services in any of its stores nor does it require its customers to be of the Christian faith. Appellee does not explain how rotating tires and replacing brake pads, among other services it offers, as a for-profit business, qualifies Appellee as a ministry. Similar faith-based businesses, like Chick-fil-A, *that openly have Jewish owner-operators*, do not offer sermons or religious counsel as a side dish served with their chicken sandwiches. Again, *Appellee is not a church*. Appellee does not carry out "vital religious services" in the course of its business with the public. It follows that Appellee should not be afforded a ministerial exception to bar Appellant's 42 U.S.C. §1981 claim.

Importantly, Appellee relies on cases brought by Appellant's that are not similarly situated. The Appellant in *Braidwood Management* brought suit on behalf of itself and Bear Creek Bible Church. *See Braidwood Mgmt.*, 70 F.4th 914. The Appellant in *Bollard* brought suit against an order of priests. *See Bollard*, 196 F.3d 940. Finally, the Appellant in *Morrissey-Berru* brought suit against a Catholic elementary school. *See Morrissey-Beru*, 591 U.S. 732. Appellee does not

16

sufficiently explain how an auto repair chain is similarly situated to a church, an order of priests, or a Catholic elementary school.

### 5.  The District Court's Finding Leads to Absurd Results.

The district court, in granting summary judgment in Appellee's favor, has neutered the protections afforded under 42 U.S.C. §1981. Under the district court's analysis of 42 U.S.C. §1981, any corporation or business could circumvent the protections afforded by 42 U.S.C. §1981 simply by classifying its discrimination as religious and not as racial or ethnic discrimination. Courts should "avoid any interpretation that would lead to absurd or unreasonable outcome[s]." *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 630 F.3d 431 (5th Cir. 2011) (quoting *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dept. Stores, Inc.*, 15 F.3d 1275, 1285 (5th Cir. 1994)).

In *St. Francis College,* the Supreme Court interpreted 42 U.S.C. §1981 through the lens of those in Congress that drafted and passed the law in "the middle years of the 19th century." *St. Francis College*, 481 U.S. at 610. The Court was careful to make distinctions between who "might be deemed Caucasian today" versus who "were not thought to be of the same race at the time §1981 became law." *Id*. By engaging in this historical analysis, the Supreme Court held that "§1981, 'at a minimum,' reaches discrimination against an individual 'because he or she is genetically part of an ethnically and physiognomically distinctive sub-grouping of

17

*homo sapiens.*'" *See id*. at 613 (emphasis in original). The Supreme Court specifically cited Germans as an example of Americans who are considered "white," at least as of the time of this opinion in 1987, who were not thought of as "white" in 1870. *See id*.

The district court did not engage in any kind of historical analysis in addressing this argument, which is Appellant's main argument. The district court found that there is a meaningful distinction between religious and ethnic Jews based on its conclusory analysis of *Shaare Tefila* and *St. Francis College*, similar to Judge Posner's analysis in *Lubavitch*. *See* ROA.891-892. It bears repeating the Jews were not accepted as "white" people in 1870, at least as demonstrated by the legislative history of the time. *See Shaare Tefila; St. Francis College*. Importantly, Appellee does not offer, and Appellant cannot find any source to cite that draws a distinction between religious and ethnic Jews at the time 42 U.S.C. §1981 was passed. Therefore, Appellant alleges that it is unlawful for Appellee to discriminate against a person of Jewish ethnicity based on that person's Jewish faith because no meaningful distinction was known or recognized by Congress, or American society, at the time 42 U.S.C. §1981 was passed into law.

The district court's analysis, again, would lead to absurd results that effectively neuter the protections that 42 U.S.C. §1981 was passed to protect. Finding that there is a meaningful distinction, that Jewish faith and Jewish ethnicity are mutually exclusive under 42 U.S.C. §1981, grants license to Appellee,

and businesses similarly situated, to practice widespread, invidious discrimination. Effectively, no person of the Jewish faith who is also ethnically Jewish could have standing to bring a 42 U.S.C. §1981 claim as any Appellee could plausibly claim that the discrimination made the basis of any claim was faith-based and not race-based. Appellant asks this Court to enforce 42 U.S.C. §1981 as Congress intended it to be enforced when the law was passed in 1870.

## VII.
## CONCLUSION

Appellant asks this Court to find, as a matter of law, that there is no meaningful distinction between Appellant's Jewish ethnicity and Jewish faith under 42 U.S.C. §1981 and to reverse and remand the district court's summary judgment award to Appellee. Appellant further prays for any other relief that this Court deems just and proper at law and in equity.

Respectfully submitted:

*/s/  Eric L. Grogan*
Eric L. Grogan
Attorney in Charge
Texas Bar No. 24116461
SD Bar No. 3510118
GROGAN LAW, PLLC
7600 Chevy Chase Dr.
Suite 300
Austin, TX 78752
eric@groganfirm.com
512-534-7970
*Attorney for Appellant Evan Domanic*

19

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2026, Appellant's Brief was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

*/s/ Eric L. Grogan*
Eric L. Grogan

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because, excluding parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,996 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionately spaced typeface using Microsoft Office Word in Times New Roman 14-point font.

*/s/ Eric L. Grogan*
Eric L. Grogan